*Priority Send*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

**Case No.:** CV 00-12896 ABC (JWJx)         **Date:** December 15, 2000

**Title:** <u>G. Banu W., et al. v. Los Angeles County Sheriff's Department, et al.</u>

========================================================================
**DOCKET ENTRY**

========================================================================
**PRESENT:** Hon. Audrey B. Collins, United States District Judge

<u>Daphne Alex</u>              <u>Not Present</u>
Deputy Clerk                Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**      **ATTORNEYS PRESENT FOR DEFENDANTS:**

None                                       None

**PROCEEDINGS:**   ORDER TO SHOW CAUSE RE: WHY THE CASE SHOULD NOT BE REMANDED TO STATE COURT (In-Chambers)

On October 25, 2000, Plaintiffs filed a complaint in the Los Angeles County Superior Court, naming as Defendants Los Angeles County Sheriff's Department, County of Los Angeles, Sgt. Kevin Carney, Antelope Valley Union High School District, and Does 1 to 200. On December 8, 2000, Defendant Antelope Valley Union High School District filed a Notice of Removal, alleging federal court jurisdiction on the basis of 28 U.S.C. § 1331.[1] The other named Defendants did not join in the Notice of Removal. In addition, on its face the Notice of Removal admits it was untimely filed.[2]

---

[1] Plaintiffs' Complaint includes a 42 U.S.C. § 1983 claim.

[2] The Notice of Removal admits effective service on November 3, 2000 (¶ 2), yet was not filed until December 8, 2000.

Therefore, on two grounds the Notice of Removal is defective according to 28 U.S.C. § 1446. First, it does not join all the named Defendants, or affirmatively explain their absence from the Notice of Removal. Second, it admits on its face that it was not filed within the 30-day limitations period of Section 1446(b).

**(1) Failure to Join All Defendants**
Defendant Antelope Valley Union High School District is the only named Defendant included in the Notice of Removal, and no explanation is offered for the failure to join the other named Defendants. If there are several defendants in the action, the right to remove belongs to them jointly. All defendants who may properly join in a removal notice must join. If any of them refuses, the action cannot be removed. See Prize Frize, Inc. v. Matrix (U.S.), Inc., 167 F.3d 1261, 1266 (9th Cir. 1999)("Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal"); Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986); 28 U.S.C. § 1446(a) (removal procedure).

**(2) Untimely Notice of Removal**
"The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . ." 28 U.S.C. § 1446(b). This statutory requirement is triggered by receipt of the initial pleading unless there is some reason that the complaint does not reveal the basis for removal. See, e.g., Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999). Here, the Notice of Removal alleges as the basis for removal the presence of a Section 1983 claim in the Complaint. See Notice ¶ 3. Thus, this basis was revealed in the initial Complaint, and the 30-day period began to run on Defendant's receipt of the Complaint. As the Notice of Removal admits, Defendant was served on November 3, 2000. Thus, it appears that on this basis as well the removal is procedurally defective. Therefore, unless Defendant(s) can in the time allotted cure these obvious defects, the case should be remanded to state court. This is in keeping with the "'strong presumption' against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)(quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)); see also Maniar v. FDIC, 979 F.2d 782, 785 (9th Cir. 1992) (upholding sua sponte remand for procedural removal defects under 28 U.S.C. § 1447(c)).

The party claiming federal court jurisdiction has the burden of proof to establish its entitlement to have the case heard in federal court. Defendant's Notice of Removal, on its face, has two procedural defects: (1) Failure to join all named Defendants; and (2) Untimely filing of the Notice of Removal. Therefore, it appears that the case ought to be remanded, unless Defendant can demonstrate some error in the Notice of Removal filed that alters the Court's conclusions on either of these issues. To afford the Defendant(s) an opportunity to cure any mistakes that are of a purely typographical nature, the Court will refrain from remand for a short time. Defendant Antelope Valley Union High School District is hereby ORDERED to SHOW CAUSE in writing no later than December 20, 2000 why this Court should not remand this case to state court for the above-described defects in removal procedure. Defendant may address the Court's concerns in the form of an Amended Notice of Removal, or by a separate writing. Courtesy copies must be provided to chambers. Failure to respond by the deadline will result in _sua sponte_ remand of the case.[3]

Copies to:
    Judge Collins
    Counsel of Record

                                         Deputy Clerk  D.A.

---

[3] "[S]ection 1983 actions may be brought in state court." _Maine v. Thiboutout_, 448 U.S. 1, 10-11 (1980). Therefore, there is no issue of exclusive federal jurisdiction barring remand.

3